UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIO MARTINEZ AGUILAR, and MANUEL JESUS
ARIZAGA, individually and on behalf of all others similarly
situated,

                           Plaintiffs,

   -against-

NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC.,
and DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI,
and MYEONG GU KIM, CHARLES LEE, SEUNGKI J
LEE a/k/a DANIEL LEE a/k/a DADNIEL LEE, and
KIMBERLY SEUNG HEE LEE, as individuals,

                           Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**7:22-cv-3700**

**JURY TRIAL DEMANDED**

     Plaintiffs, PATRICIO MARTINEZ AGUILAR, and MANUEL JESUS ARIZAGA, individually and on behalf of all others similarly situated ("Plaintiffs"), by their attorneys, Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

     1. The Plaintiffs, through undersigned counsel, bring this action against NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., and DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI (hereinafter, "Corporate Defendants"), and MYEONG GU KIM, CHARLES LEE, SEUNGKI J LEE a/k/a DANIEL LEE a/k/a DADNIEL LEE, and KIMBERLY SEUNG HEE LEE, as individuals (hereinafter, the "Individual Defendants"), (and collectively, the "Defendants"), to recover monetary damages for the Defendants' egregious and willful violations of state and federal wage and hour laws arising out of Plaintiffs' employment with Individual Defendants, at Corporate Defendants located at 1 South Central Avenue, Hartsdale, New York 10530 at various time periods described below.

     2. As a result of Defendants' willful violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00; in addition to interest, attorneys' fees, costs, and any legal and equitable remedies The Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims under the New York Labor Laws and related state regulations governing the hospitality industry (collectively, the "NYLL") pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the events, omissions, and violations of law by Defendants giving rise to the claims asserted herein occurred within this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202.

## THE PARTIES

7. Plaintiff, Patricio Martinez Aguilar, was employed by the Defendants, as a food preparer, cook, and grill worker, while performing related primary job duties and miscellaneous tasks for the Defendants, from in or around November 2018 to in or around March 2021.

8. Plaintiff, Manuel Jesus Arizaga, was employed by the Defendants, as a food preparer, cook, and grill worker, while performing related primary job duties and miscellaneous tasks for the Defendants, from in or around October 2015 until in or around June 2018.

9. As set forth herein, during all relevant times hereto, the Plaintiffs were an "employee" of the Defendants, within the meaning and intent of the FLSA, 29 U.S.C. §§ 206(a), 207(a), *et. seq*.

10. Throughout Plaintiffs' employment with the Individual Defendants, at the Corporate Defendants, the Plaintiffs were regularly personally engaged in the performance of their work and primary duties which regularly involved interstate commerce and the production of goods intended for interstate commerce within the meaning and the intent of the FLSA, in that Plaintiffs regularly performed work daily which involved, related to, and was intended for the interstate movement of goods, products and other things (and including, without limitation, information, communications and intelligence) among the several States, and between any State and any place outside thereof.

11. Throughout Plaintiffs' employment with the Defendants, Plaintiffs were employed by an enterprise, by NEW DAIRYDEL, INC., that was engaged in interstate commerce and/or in the production of goods for interstate commerce within the meaning and intent of the FLSA.

12. Throughout Plaintiffs' employment with the Defendants, Plaintiffs were employed by an enterprise, by FOUR CORNERS FOODS INC., that was engaged in interstate commerce and/or in the production of goods for interstate commerce within the meaning and intent of the FLSA.

13. Throughout Plaintiffs' employment with the Defendants, Plaintiffs were employed by an enterprise, DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI that was engaged in interstate commerce and/or in the production of goods for interstate commerce within the meaning and intent of the FLSA.

14. In support of these allegations that Corporate Defendants were and are, during all relevant times, enterprises within the meaning and the intent of the FLSA, Plaintiffs submit that throughout Plaintiffs' employment with the Defendants, Plaintiffs would regularly witness that Defendants' restaurant businesses (the Corporate Defendants) were regularly busy with customers ordering foods and products from Defendants throughout each workday, and even busier during the weekends.  Defendants' restaurant businesses were especially busy with customers during summer months of each year; Plaintiffs would be cooking, cleaning, and fulfilling orders nonstop each day.

15. Moreover, Corporate Defendants operate a large delivery business which as Plaintiffs have seen, would regularly fulfill numerous orders, per day. Moreover, Defendants would regularly employ approximately ten or more other employees and kitchen staff workers at Corporate Defendants, like the Plaintiffs, whom were also associated with Corporate Defendants' payroll during any given time.  Defendants also own various freezers, walk-in refrigerators, industrial burner stoves, industrial ovens, grills and fryers, in addition to any other items of machinery, tools, or equipment – which Plaintiffs worked with daily during their employment with Corporate Defendants. Furthermore, the Defendants would regularly purchase ingredients, foods and products, and the like through the ordinary streams and channels of interstate commerce.

16. Thus, Corporate Defendants and its owners, would regularly earn thousands of dollars per day, several thousands more each week, and would gross over a half million dollars per year.

## NEW DAIRYDEL, INC.

17. Defendant, NEW DAIRYDEL, INC., is a New York domestic business corporation, organized under, and existing by virtue of the laws of the State of New York with a place of business located at 1 South Central Avenue, Hartsdale, New York 10530.

18. Defendant, NEW DAIRYDEL, INC., is a domestic business corporation authorized to conduct and transact business under the laws of the State of New York.

19. Defendant, NEW DAIRYDEL, INC., is at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00. *See*, 29 U.S.C. §§ 203(b); 203(s)(1)(A); C.F.R. § 779.103.

## FOUR CORNERS FOODS INC.

20. Defendant, FOUR CORNERS FOODS INC., is a New York domestic business corporation, organized under, and existing by virtue of the laws of the State of New York with a place of business located at 1 South Central Avenue, Hartsdale, New York 10530.

21. Defendant, FOUR CORNERS FOODS INC., is a domestic business corporation conducting and transacting business by the laws of the State of New York.

22. Defendant, FOUR CORNERS FOODS INC., is at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00. *See*, 29 U.S.C. §§ 203(b); 203(s)(1)(A); C.F.R. § 779.103.

## DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI

23. Defendant, DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI (hereinafter referred to as, "BAGEL PLUS DELI"), is a New York domestic business corporation, organized

under, and existing by virtue of the laws of the State of New York with a place of business located at 1 South Central Avenue, Hartsdale, New York 10530.

24. Defendant, BAGEL PLUS DELI, is a domestic business corporation that conducts and transacts business by the laws of the State of New York.

25. Defendant, BAGEL PLUS DELI, is at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00. *See*, 29 U.S.C. §§ 203(b); 203(s)(1)(A); C.F.R. § 779.103.

### Joint Enterprise(s) of the Corporate Defendants

26. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

28. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

29. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

30. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

### MYEONG GU KIM, as an individual

31. MYEONG GU KIM owns NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., BAGEL PLUS DELI ("Corporate Defendants").

32. MYEONG GU KIM is the authorized agent of the Corporate Defendants.

33. MYEONG GU KIM is the individual responsible for decisions to hire employees of Corporate Defendants, and/or hired Plaintiffs.

34. MYEONG GU KIM is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of all materials, goods, and products for day-to-day business operations.

35. MYEONG GU KIM would be present at Corporate Defendants and supervised the work of defendants' employees at the business, including Plaintiffs while present there.

36. MYEONG GU KIM was the individual responsible for determining and establishing the Corporate Defendants' employees' work schedules, including Plaintiffs' days, and hours of work during Plaintiffs' employment at Corporate Defendants.

37. MYEONG GU KIM would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day.

38. MYEONG GU KIM has the power and authority over the final payroll decisions of Corporate Defendants.

39. MYEONG GU KIM was said individual responsible for determining how employees of Corporate Defendants including Plaintiffs were to be paid.

40. MYEONG GU KIM was and is the individual responsible for determining the rates of pay for employees of Corporate Defendants including Plaintiffs.

41. MYEONG GU KIM was and is responsible for the distribution of pay to employees for work performed at Corporate Defendants including Plaintiffs.

42. MYEONG GU KIM was and is responsible for ultimate decision-making relating to the hiring and termination of the employees at Corporate Defendants, including Plaintiffs.

43. MYEONG GU KIM has the power and authority over the final personnel decisions regarding employment issues at Corporate Defendants.

44. MYEONG GU KIM has the power and authority to hire and fire the employees at Corporate Defendants, establish, determine, and pay their wages, set their work schedule, and maintains their employment records.

45. During all relevant times hereto, Defendant, MYEONG GU KIM, was Plaintiffs' "employer" within the meaning and intent of the FLSA, and the NYLL.

### CHARLES LEE, as an individual

46. CHARLES LEE owns NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., BAGEL PLUS DELI ("Corporate Defendants").

47. CHARLES LEE is the individual responsible for decisions to hire employees of Corporate Defendants, and/or hired Plaintiffs.

48. CHARLES LEE is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of all materials, goods, and products for day-to-day business operations.

49. CHARLES LEE would be present at Corporate Defendants and supervised the work of defendants' employees at the business, including Plaintiffs while present there.

50. CHARLES LEE was the individual responsible for determining and establishing the Corporate Defendants' employees' work schedules, including Plaintiffs' days, and hours of work during Plaintiffs' employment at Corporate Defendants.

51. CHARLES LEE would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day.

52. CHARLES LEE has the power and authority over the final payroll decisions of Corporate Defendants.

53. CHARLES LEE was said individual responsible for determining how employees of Corporate Defendants including Plaintiffs were to be paid.

54. CHARLES LEE was and is the individual responsible for determining the rates of pay for employees of Corporate Defendants including Plaintiffs.

55. CHARLES LEE was and is responsible for the distribution of pay to employees for work performed at Corporate Defendants including Plaintiffs.

56. CHARLES LEE was and is responsible for ultimate decision-making relating to the hiring and termination of the employees at Corporate Defendants, including Plaintiffs.

57. CHARLES LEE has the power and authority over the final personnel decisions regarding employment issues at Corporate Defendants.

58. CHARLES LEE has the power and authority to hire and fire the employees at Corporate Defendants, establish, determine, and pay their wages, set their work schedule, and maintains their employment records.

59. During all relevant times hereto, Defendant, CHARLES LEE, was Plaintiffs' "employer" within the meaning and intent of the FLSA, and the NYLL.

**SEUNGKI J LEE a/k/a DANIEL LEE  a/k/a DADNIEL LEE, as an individual**

60. Plaintiffs would refer to, and knew the Defendant, SEUNGKI J LEE a/k/a DANIEL LEE  a/k/a DADNIEL LEE, as an individual, as "Daniel Lee" or "Danny Lee" (hereinafter, referred to as "DANIEL LEE").

61. Defendant, DANIEL LEE, owns NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., and/or BAGEL PLUS DELI ("Corporate Defendants").

62. DANIEL LEE is the individual responsible for decisions to hire employees of Corporate Defendants, and/or hired Plaintiffs.

63. DANIEL LEE is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of all materials, goods, and products for day-to-day business operations.

64. DANIEL LEE would be present at Corporate Defendants and supervised the work of defendants' employees at the business, including Plaintiffs while present there.

65. DANIEL LEE was the individual responsible for determining and establishing the Corporate Defendants' employees' work schedules, including Plaintiffs' days, and hours of work during Plaintiffs' employment at Corporate Defendants.

66. DANIEL LEE would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day.

67. DANIEL LEE has the power and authority over the final payroll decisions of Corporate Defendants.

68. DANIEL LEE was said individual responsible for determining how employees of Corporate Defendants including Plaintiffs were to be paid.

69. DANIEL LEE was and is the individual responsible for determining the rates of pay for employees of Corporate Defendants including Plaintiffs.

70. DANIEL LEE was and is responsible for the distribution of pay to employees for work performed at Corporate Defendants including Plaintiffs.

71. DANIEL LEE was and is responsible for ultimate decision-making relating to the hiring and termination of the employees at Corporate Defendants, including Plaintiffs.

72. DANIEL LEE has the power and authority over the final personnel decisions regarding employment issues at Corporate Defendants.

73. DANIEL LEE has the power and authority to hire and fire the employees at Corporate Defendants, establish, determine, and pay their wages, set their work schedule, and maintains their employment records.

74. During all relevant times hereto, Defendant, DANIEL LEE, was Plaintiffs' "employer" within the meaning and intent of the FLSA, and the NYLL.

### KIMBERLY SEUNG HEE LEE, as an individual

75. KIMBERLY SEUNG HEE LEE (hereinafter, "KIM LEE") is an owner of NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., and/or BAGEL PLUS DELI ("Corporate Defendants").

76. KIM LEE is responsible for decisions to hire employees of Corporate Defendants, and/or hired Plaintiffs.

77. KIM LEE is the individual in charge of the day-to-day operations of Corporate Defendants, including the ordering of all materials, goods, and products for day-to-day business operations.

78. KIM LEE would be present at Corporate Defendants and supervised the work of defendants' employees at the business, including Plaintiffs while present there.

79. KIM LEE was the individual responsible for determining and establishing the Corporate Defendants' employees' work schedules, including Plaintiffs' days, and hours of work during Plaintiffs' employment at Corporate Defendants.

80. KIM LEE would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day.

81. KIM LEE has the power and authority over the final payroll decisions of Corporate Defendants.

82. KIM LEE was said individual responsible for determining how employees of Corporate Defendants including Plaintiffs were to be paid.

83. KIM LEE was and is the individual responsible for determining the rates of pay for employees of Corporate Defendants including Plaintiffs.

84. KIM LEE was and is responsible for the distribution of pay to employees for work performed at Corporate Defendants including Plaintiffs.

85. KIM LEE was and is responsible for ultimate decision-making relating to the hiring and termination of the employees at Corporate Defendants, including Plaintiffs.

86. KIM LEE has the power and authority over the final personnel decisions regarding employment issues at Corporate Defendants.

87. KIM LEE has the power and authority to hire and fire the employees at Corporate Defendants, establish, determine, and pay their wages, set their work schedule, and maintains their employment records.

88. During all relevant times hereto, Defendant, KIMBERLY SEUNG HEE LEE was Plaintiffs' "employer" within the meaning and intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

89. Under the FLSA and NYLL, the Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. Plaintiffs' instant Complaint was filed in May 2022. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompass the entirety of the period spanning May 2016 through the date of termination of Plaintiffs' respective employment with Defendants (hereinafter, the "relevant statutory period.").

## FACTUAL ALLEGATIONS
## PATRICIO MARTINEZ AGUILAR

90. Plaintiff, PATRICIO MARTINEZ AGUILAR ("Plaintiff Aguilar") was employed by the Defendants as a food preparer, cook, and grill worker, while performing related primary job duties and miscellaneous tasks for the Defendants at the directions from the individual defendants, from in or around November 2018 to March 2021.

91. During Plaintiff Aguilar's employment with the Defendants, Plaintiff regularly worked a schedule of 7:00 AM to 7:00 PM, for a total of twelve (12) hours per day, and regularly worked six (6) days per week, for a total of seventy-two (72) hours or more hours Plaintiff worked per week for the Defendants from in or around November 2018 to in or around March 2021.

92. Plaintiff Aguilar was paid by Defendants approximately $13.25 per hour at straight time, for all hours Plaintiff Aguilar worked for Defendants from in or around November 2018 to in or around March 2021.

93. Plaintiff Aguilar was paid by Defendants exclusively in Cash, and never with any accompanying paystub, wage statement, nor any other written documentation delineating his hours worked each week, or his Cash received from the Defendants.

94. Plaintiff Aguilar was not required to punch-in, punch-out, or otherwise track, record, or clock his hours worked each day, or each week, as Defendants did not maintain any such system (neither written, nor electronic) for tracking employees' hours of work.

95. Plaintiff's regular hourly rate of pay, as described above, never increased, nor changed despite Plaintiff Aguilar regularly working 72 hours or more hours per week, and Plaintiff Aguilar received the same rate for all hours worked for Defendants during each week.

96. Accordingly, although Plaintiff Aguilar regularly worked seventy-two (72) hours per week during his employment with Defendants from in or around November 2018 to in or around March 2021, the Defendants did not pay Plaintiff Aguilar at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) during each work week, a blatant and willful violation of the overtime provisions contained in the FLSA, the NYLL, and related state regulations governing the hospitality industry.

97. Furthermore, although Plaintiff Aguilar regularly worked a shift of twelve (12) or more hours per day, and six (6) days per week, from in or around November 2018 until in or around March 2021, the Defendants did not pay the Plaintiff an extra hour at the legally prescribed minimum wage for each day Plaintiff Aguilar worked in excess of ten (10) hours, a blatant and willful violation of the spread of hours provisions contained in the NYLL and related state regulations for the hospitality industry.

### MANUEL JESUS ARIZAGA

98. Plaintiff MANUEL JESUS ARIZAGA ("Plaintiff Arizaga") was employed by the Defendants as a food preparer, cook and grill worker, while performing related primary job duties and tasks for the Defendants at the directions from the individual defendants, from in or around October 2015 until in or around June 2018.

99. Throughout the relevant statutory period, Plaintiff Arizaga regularly worked a schedule of 5:00 AM until approximately 4:00 PM, for a total of approximately eleven (11) hours Plaintiff Arizaga regularly worked for Defendants per day. Plaintiff Arizaga regularly worked six (6) or seven (7) days per week, for an average of six-and-a-half (6.5) days

Plaintiff Arizaga regularly worked for the Defendants during the relevant statutory period. As such, Plaintiff Arizaga regularly worked approximately seventy-one (71) hours per week for Defendants during the relevant statutory period.

100. Throughout the relevant statutory period, Plaintiff Arizaga was paid by Defendants a flat weekly lump-sum wage, which was paid to the Plaintiff without regard for the number of hours the Plaintiff worked each day, or each week, in the amount of approximately $700.00 per week.

101. Plaintiff Arizaga's flat weekly lump-sum wage, as described above, was never intended to cover all of Plaintiff Arizaga's hours worked each week, and Plaintiff Arizaga did not enter into any agreement with any Defendants that Plaintiff Arizaga's flat weekly pay was intended to compensate Plaintiff Arizaga for all hours worked – including his overtime hours regularly worked each week for Defendants during the relevant statutory period.

102. Plaintiff Arizaga was paid by Defendants exclusively in Cash; and never with any accompanying paystub, wage statement, nor any other written documentation delineating his hours worked each week, or his Cash received from the Defendants.

103. Plaintiff Arizaga was not required to punch-in, punch-out, or otherwise track, record, or clock his hours worked each day, or each week, as Defendants did not maintain any such system (neither written, nor electronic) for tracking employees' hours of work.

104. Plaintiff's regular flat weekly pay, as described above, never increased nor changed despite Plaintiff Arizaga regularly working 71 hours per week, and Plaintiff Arizaga received the same pay with no additional compensation whatsoever from any of the Defendants for his overtime hours regularly worked.

105. Accordingly, although Plaintiff Arizaga regularly worked seventy-one (71) hours per week during the statutory period, , Defendants did not pay Plaintiff Arizaga at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) during each work week, a blatant and willful violation of the overtime provisions contained in the FLSA, the NYLL, and related state regulations governing the hospitality industry.

106. Furthermore, although Plaintiff Arizaga regularly worked a shift of eleven (11) hours or more hours per day, and six (6) or seven (7) days per week throughout the relevant statutory period, the Defendants did not pay the Plaintiff an extra hour at the legally prescribed minimum wage for each day Plaintiff Arizaga worked in excess of ten (10) hours, a blatant and

willful violation of the spread of hours provisions contained in the NYLL and related state regulations for the hospitality industry.

### Other Violations of Law Common to All Parties

107.  Furthermore, the Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA. See also, 12 N.Y.C.R.R. § 146-2.4.

108.  Furthermore, Defendants willfully failed to keep accurate and contemporaneous payroll records, as required by both NYLL and the FLSA.

109.  Defendants maintained no punch-in, punch-out system – neither electronic nor in writing – nor any other system to record and track Defendants' employees' hours worked, including the hours of Plaintiffs. See also, 12 N.Y.C.R.R. § 146-2.1

110.  Moreover, Plaintiffs were paid by the Defendants exclusively in Cash throughout their periods of employment with Defendants, and Defendants never provided Plaintiffs with any paystub or wage statement upon each payment of wages as required by NYLL § 195(3). See also, 12 N.Y.C.R.R. § 146-2.1.

111.  Moreover, Defendants failed to provide Plaintiffs with any written notice, in English, and in Spanish (Plaintiffs' primary language), of their regular and overtime rates of pay, regular pay day and all other information as required by NYLL § 195(1), *et seq*.

112.  As a result of these willful and egregious violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00; Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### COLLECTIVE ACTION ALLEGATIONS

113.  Plaintiffs bring this action on behalf of themself, and on behalf of all other employees similarly situated, as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the "Collective class."

114.  Collective Class: All persons who are, were, or have been employed by Defendants as a cook, cleaner, counter person, food preparer, waiter, waitress, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for any of the Defendants, other than the executive and

management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

115. Upon information and belief, Defendants have employed approximately 10 employees within the relevant time period who were subjected to similar unlawful payment structures that violated applicable state and federal wage and hour laws.

116. Upon information and belief, Defendants suffered and permitted Plaintiffs, and the Collective Class, to regularly work more than forty hours per week without appropriate overtime compensation.

117. Defendants' unlawful conduct has been widespread, repeated, and consistent. Defendants had knowledge that Plaintiffs, and the Collective Class, performed work requiring overtime pay, and failed to properly pay employees accordingly.

118. Defendants' conduct as set forth in this Complaint was willful, and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

119. None of the Defendants have made any good faith effort at compensating Plaintiffs in accordance with federal or state laws, or ascertaining their obligations under applicable laws.

120. Defendants are liable under the FLSA, the NYLL and NYCRR, for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through the Defendants' records.

121. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

122. The claims of Plaintiffs are typical of wage and hour claims of the putative class.

123. Plaintiffs and undersigned counsel will fairly and adequately protect interests of the putative class.

124. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Overtime Wages Under The Fair Labor Standards Act)**

125. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs, as if set forth with the same force and effect herein.

126. Plaintiffs have consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

127. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning and intent of of 29 U.S.C. §§ 206(a) and 207(a), *et seq*.

128. At all times relevant to this action, Defendants were employers engaged in interstate commerce and production of goods intended for regular channels of commerce within the meaning, and the intent of 29 U.S.C. §§ 206(a) and 207(a), *et seq*.

129. Defendants willfully failed to pay Plaintiffs any overtime wages for their hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§ 206(a) in violation of 29 U.S.C. § 207(a)(1).

130. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

131. Defendants have not made a good effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

132. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**(Overtime Wages Under New York Labor Law)**

133. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs, as if set forth with the same force and effect herein.

134. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

135. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law § 652, *et seq.*; and in violation of 12 N.Y.C.R.R. § 146-1.4 *et seq*.

136. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to unpaid overtime wages in form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A THIRD CAUSE OF ACTION
### (Spread of Hours Compensation Under New York Labor Law)

137. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs, as if set forth with the same force and effect herein.

138. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked in excess of ten (10) hours in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R. R. § 146-1.6.

139. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid Spread of Hour compensation, reasonable attorneys' fees, and costs of this Action pursuant to N. Y. Labor Law § 663(1), *et seq*.

## AS AND FOR A FORTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping Requirements of New York Labor Law)

140. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs, as if set forth with the same force and effect herein.

141. Defendants failed to provide Plaintiffs with any written notice, in English, and in Spanish (the Plaintiffs' primary language), of their regular rate of pay, regular pay day, and such other information as required by NYLL §195(1). See also, 12 N.Y.C.R.R. § 146-2.2; 12 N.Y.C.R.R. § 146-2.1.

142. As such, the Defendants are liable to Plaintiffs in the amount of $5,000.00, each.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Violation of the Wage Statement Requirements of the New York Labor Law)**

143. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs, as if set forth with the same force and effect herein.

144. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3). <u>See also</u>, 12 N.Y.C.R.R. § 146-2.3.

145. Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and reasonable award in attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment:

a. Declaring Defendants' conduct complained herein to be in violation of Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid Spread of hours compensation;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs' costs together, and reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by a Jury on all questions of fact raised by this complaint.

Dated: May 6, 2022
Kew Gardens, New York

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
Telephone: (718) 263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICIO MARTINEZ AGUILAR, and MANUEL JESUS ARIZAGA, individually, and on behalf of all others similarly situated

                                                    Plaintiffs,

                -against-

NEW DAIRYDEL, INC., FOUR CORNERS FOODS INC., and DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI, and MYEONG GU KIM, CHARLES LEE, SEUNGKI J LEE a/k/a DANIEL LEE a/k/a DADNIEL LEE, and KIMBERLY SEUNG HEE LEE, as individuals,

                                                    Defendants.

---

# COMPLAINT
*With Demand for Trial by Jury*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591

---

| **NEW DAIRYDEL, INC.** | **FOUR CORNERS FOODS INC.** | **DKLEE REALTY CORP. D/B/A BAGEL PLUS DELI** |
|---|---|---|
| 1 South Central Avenue<br>Hartsdale, New York 10530 | 1 South Central Avenue<br>Hartsdale, New York 10530<br><br>20 South Broadway<br>Yonkers, NY 10701 | 1 South Central Avenue, 1D<br>Hartsdale, New York 10530<br><br>7 Stonewall Circle<br>White Plains, NY 10607 |
| **CHARLES LEE**<br><br>266 S Fulton Avenue, Apt 18C<br>Mount Vernon, NY 10553<br><br>266 S Fulton Avenue, Apt 20C<br>Mount Vernon, NY 10553 | **MYEONG GU KIM & KIMBERLY SEUNG HEE LEE**<br><br>7 Stonewall Cir<br>White Plains, NY 10607<br><br>15 Deer Ridge Rd<br>Mount Kisco, NY 10549<br><br>401 Tarrytown Rd<br>White Plains, NY 10607<br><br>50 E Hartsdale Ave Apt 3T<br>Hartsdale, NY 10530 | **DANIEL LEE<br>SEUNGKI J LEE<br>DADNIEL LEE**<br><br>7 Stonewall Cir<br>White Plains, NY 10607<br><br>401 Tarrytown Rd<br>White Plains, NY 10607<br><br>2 Judson Ave<br>Ardsley, NY 10502 |